

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

January 29, 1964

Honorable J. R. Owen        Opinion No. C-209
County Attorney
Williamson County           RE:  Whether Wesleyan Home is exempt
Georgetown, Texas                from ad valorem taxation as an
                                 institution of purely public
                                 charity.

Dear Mr. Owen:

　　　　You have requested an opinion from this Department as
to whether or not Wesleyan Home, an institution operated by
a non-profit corporation in which there is made no gain or
profit, is exempt from ad valorem taxes.

　　　　The following is taken from your request:

> "The cost of keeping each resident is
> $150.00 per month for the services rendered.
> The Home figures that it will cost that
> amount to maintain each resident.  If the
> resident is financially able to pay such
> amount, he does so.  However, if he is not
> able financially to pay this amount, he is
> not denied admission.  As mentioned in my
> letter of December 13, some of the residents
> derive their sole income from Social Security
> and Texas Old Age Assistance.  In this latter
> situation, the residents do not receive
> enough from these sources to pay the entire
> $150.00.  Since it costs the Home at least
> $150.00 per month to maintain this resident,
> it is necessary that his monthly contribution
> be supplemented from some source.  The
> source to supplement this is the Benevolent
> Fund mentioned in my letter of December 13.
> For example, if the resident has a monthly
> income of $100 to pay for his upkeep, then
> the additional $50.00 per month which it
> actually takes to keep him up is taken from
> this Benevolent Fund and used by the Home
> for the benefit of this resident.  This
> Benevolent Fund was established for such pur-
> pose, that is, to have some money available

> to be used on behalf of a resident of the Home whose financial ability to pay was less than the actual cost to the Home of providing him with board, room, linens, laundry, health services, etc.
>
> "The officials of the Home advise that some of their residents are either entirely or partially charity cases. Some have no personal source of income at all, but must rely entirely upon the funds received by them from the governmental agencies and from the Benevolent Fund mentioned above which is comprised of money donated to and solicited by the Home from individuals, churches, and sunday school classes to assist in this charitable work. The officials also state that a person will not be denied admission to the Home simply because he is unable to pay anything for room, meals and clinic service, and even though he must depend upon 100 percent charity for his support and maintenance."

Article VIII, Section 2 of the Texas Constitution authorizes the Legislature to exempt from taxation property used exclusively and reasonably necessary in conducting institutions of purely public charity.

The Supreme Court of Texas in City of Houston vs. Scottish Rite Benevolent Association, 111 Tex. 191, 230 S.W. 978 (1921), in defining an institution of purely public charity, said:

> "In our opinion, the Legislature might reasonably conclude that an institution was one of 'purely public charity' where: First, it made no gain or profit; second, it accomplished ends wholly benevolent; and third, it benefited persons, indefinite in numbers and personalties, by preventing them, through absolute gratuity, from becoming burdens to society and to the State."

As stated by you in your request for this opinion, it is a fact question as to whether a given organization comes within the definition of a purely public charity.

The Legislature, in putting into effect the permission granted by Section 2 of Article VIII of the Constitution,

amended Section 7 of Article 7150, Vernon's Civil Statutes, which amendment purported to exempt ". . . all buildings and personal property belonging to institutions of purely public charity, together with the lands belonging to and occupied by such institutions not leased or otherwise used with a view to profit, . . . ."

We are of the opinion that in view of the facts set forth in your request for an opinion, that the Wesleyan Home meets the necessary requirements set forth by the Court in the Scottish Rite case, supra, and thereby qualifies as an institution of purely public charity. Therefore, the property of Wesleyan Home which is used exclusively by the Home and is reasonably necessary in conducting such institution is exempt from ad valorem taxation. Attorney General's opinion C-203. A copy of this opinion is enclosed for your information.

## S U M M A R Y

Under the stated facts Wesleyan Home qualifies as an institution of purely public charity, and its property which is used exclusively by it and is reasonably necessary in conducting such institution is exempt from ad valorem taxation.

Very truly yours,

WAGGONER CARR
Attorney General

By J. H. Broadhurst
Assistant Attorney General

JHB/ja

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Marietta Payne
Arthur Sandlin
Malcolm Quick
Robert Lewis
Approved for the Attorney General
by: Stanton Stone